**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TIMOTHY HILDRETH,** | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | |
| | § | **Case No. . 3:24-cv-1524-X** |
| **LVNV FUNDING LLC DBA** | § | |
| **RESURGENT CAPITAL SERVICES,** | § | |
| **Defendant** | § | |

### DEFENDANT LVNV FUNDING, LLC'S ORIGINAL ANSWER

Defendant LVNV Funding, LLC ("LVNV") hereby answers Plaintiff's Complaint as follows:

### INTRODUCTION

1.    The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

**ANSWER: Paragraph 1 is merely descriptive of the FDCPA and its history and makes no factual allegations. However, to the extent it can be construed to assert that LVNV violated the FDCPA it is denied.**

2.      This action arises out of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., by Defendant and its collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

**ANSWER: Denied.**

## JURISDICTION

3.      This Court has Federal Question Subject Matter Jurisdiction over this action under 28 U.S.C. § 1331 and U.S.C. § 1692k(d).

**ANSWER: At this time LVNV lacks knowledge or information sufficient to form a belief as to paragraph 3 of the Complaint.**

4.      The Court has personal jurisdiction over because the Defendant transacted business within the State of Delaware by attempting to collect a debt from Plaintiff while Plaintiff was located within and permanently residing within the State of Texas.

**ANSWER: Denied.**

5.      Venue is proper under 28 U.S.C. § 139l(b) because the acts and transactions giving rise to this case was directed by Defendant in this District and because Plaintiff resides in this District.

**ANSWER: LVNV denies that it engaged in any acts or transactions in this district. However, venue is not contested.**

6.    Defendant has transacted business within the State of Texas by operating a collection agency, directing debt collection activities to Texas.

**ANSWER: Denied. None of Defendant's activities constitute the transaction of business in Texas.** *See* **Tex. Bus. Orgs. Code § 9.251.**

7.    Defendant has registered itself in Texas with the Secretary of State and has registered an agent with the Texas Secretary of State.

**ANSWER: Admitted.**

## PARTIES

8.        Plaintiff Timothy Hildreth (hereinafter "Plaintiff) is a natural person who resides in Dallas, Texas, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

**ANSWER: Admitted that Plaintiff is a natural person who resides in Dallas, Texas. At this time LVNV lacks knowledge or information sufficient to form a belief as to the remainder of Paragraph 8 of the Complaint.**

9.    Plaintiff has suffered an injury in fact that is fairly traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

**ANSWER: At this time LVNV lacks knowledge or information sufficient to form a belief as to the Paragraph 9 of the Complaint; therefore, it is denied.**

10.        Defendant LVNV Funding LLC dba Resurgent Capital Services L.P. (hereinafter "Defendant") is a foreign corporation formed under Delaware law and a collection agency allegedly licensed in Texas, operating from a principal office address of 55 Beattie Pl, Ste 110, Greenville, SC 29601-5115; with a registered agent named CSC-Lawyers Incorporating Service Company with physical

address 211 E. 7th Street, Suite 620, Austin, TX 78701; and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**ANSWER: LVNV admits that CSC-Lawyers Incorporating Service Company is its registered agent and that 211 E. 7th Street, Suite 620, Austin, TX 78701 is its registered office. All remaining allegations in Paragraph 10 of the Complaint are denied.**

### FACTUAL ALLEGATIONS

11.    Within one year immediately preceding the filing of this complaint, Defendant attempted to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

**ANSWER: At this time LVNV lacks knowledge or information sufficient to form a belief as to the Paragraph 11 of the Complaint; therefore, it is denied.**

12.    Plaintiff disputes this alleged debt, the final bill on this account, and any remaining balance, and is represented by the undersigned counsel both with respect to this debt and to the claims made herein.

**ANSWER: At this time LVNV lacks knowledge or information sufficient to form a belief as to the Paragraph 12 of the Complaint; therefore, it is denied.**

*Defendant's Illegal Collection Conduct*

13.    Sometime on or around February 22, 2024, Plaintiff contacted Defendant via Fax Transmission at+ 18664670163, notifying Defendant that this debt is the subject of dispute.

**ANSWER: At this time LVNV lacks knowledge or information sufficient to form a belief as to the Paragraph 13 of the Complaint; therefore, it is denied.**

14.    Sometime on or around April 3, 2024, a reasonable time after which Defendant would have received such communication, Plaintiff pulled his credit report through Transunion and discovered that Defendant had not marked this item as disputed despite updating their reporting on the item March 5, 2024.

**ANSWER: At this time LVNV lacks knowledge or information sufficient to form a belief as to the Paragraph 14 of the Complaint; therefore, it is denied.**

15.    It is a harassing, oppressive and abusive debt collection practice for Defendant to represent to individuals with a permissible purpose to view his credit report that this item is not in dispute as he has clearly indicated to them that it is disputed.

**ANSWER: Denied.**

16.    The above-described communications and conduct from Defendant to Plaintiff represent numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(l), amongst others.

**ANSWER: Denied.**

17.        Collection agency activities such as those undertaken by Defendant are heavily regulated activities within the State of Texas. Id.

**ANSWER: Denied.**

18.    It is a materially false and deceptive debt collection practice for Defendant to fail to mark this item as disputed on Plaintiffs Transunion credit report. This was a violation of Plaintiffs rights under the FDCPA to be treated fairly by debt collectors who comply with state laws regulating their collection activities.

**ANSWER: Denied.**

19.    The above-described communications and conduct from Defendant toward Plaintiff represent numerous and multiple violations of the FDCPA, including but not limited to 15

U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(l), amongst others as well as violations of Texas law.

**ANSWER: Denied.**

*Summary*

20.    The above-described collection conduct by Defendant in its efforts to collect this alleged debt from Plaintiff were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA.

**ANSWER: Denied.**

21.    These collection actions taken by Defendant, and the collection employees employed by Defendant, were made in violation of multiple provisions of the

FDCPA, including but not limited to all of the provisions of those laws cited herein.

**ANSWER: Denied.**

22.    These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

**ANSWER: Denied.**

23.    Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

**ANSWER: Denied.**

24.    Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiffs ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

Respondeat Superior Liability

**ANSWER: Denied.**

25.    The acts and omissions herein of the individuals employed to collect debts by Defendant, and the other debt collectors employed as agents of Defendant who communicated with Plaintiff as further described herein, were committed

within the time and space limits of their agency relationship with their principal, Defendant.

**ANSWER: Denied.**

26.    The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

**ANSWER: Denied.**

27.    By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, Defendant.

**ANSWER: Denied.**

28.    Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the state and federal law in its attempts to collect this debt from Plaintiff.

**ANSWER: Denied.**

<u>**TRIAL BY JURY**</u>

29.    Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

**ANSWER: Plaintiff's jury demand requires no response.**

**FIRST CLAIM FOR RELIEF**

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

30.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:. LVNV incorporates by reference all of the above responses as though if they were fully stated herein.**

31.    The foregoing acts and omissions of Defendant and its agents constitute nume' rous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

**ANSWER: Denied.**

32.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

**ANSWER: Denied.**

## <u>ATTORNEY FEES</u>

33.    The previous paragraphs of this Complaint are incorporated by reference.

**ANSWER:. LVNV incorporates by reference all of the above responses as though if they were fully stated herein.**

34.    Plaintiff believes and avers that Plaintiff is entitled to reasonable attorney fees for prosecuting this action pursuant to 15 USC 1692n et. seq.

**ANSWER: Denied.**

35.    Plaintiff believes and avers that Plaintiff is entitled to reasonable attorney fees.

**ANSWER: Denied.**

356.    The above stated attorney fees represent estimates of work performed up and until the filing of this Complaint as well as reasonable follow up with client and Defense.

**ANSWER: Denied.**

37.    Plaintiff's attorney fees continue to accrue as this case progresses.

**ANSWER: At this time LVNV lacks knowledge or information sufficient to form a belief as to the Paragraph 37 of the Complaint; therefore, it is denied.**

## OTHER RELIEF

39.[1]    The previous paragraphs of this Compliant are incorporated by reference and made a part of this Complaint.

**ANSWER:. LVNV incorporates by reference all of the above responses as though if they were fully stated herein.**

40.    Plaintiff requests declaratory and injunctive relief against Defendant.

**ANSWER: LVNV denies that such relief is available in an FDCPA case.**

41.    Plaintiff requests that Defendant will be enjoined from further unlawful reporting of the account which is the subject matter of this case.

**ANSWER: LVNV denies that such relief is available in an FDCPA case.**

42.    Plaintiff requests tradeline deletion.

---

[1] Plaintiff's Complaint lacks a Paragraph 38.

**ANSWER: LVNV denies that such relief is available in an FDCPA case.**

43.    Plaintiff requests debt waiver.

**ANSWER: LVNV denies that such relief is available in an FDCPA case.**

44.    Plaintiff demands a jury trial in this matter.

**ANSWER: Plaintiff's jury demand requires no response.**

45.    Plaintiff seeks fees and costs for prosecuting this action.

**ANSWER: LVNV denies that Plaintiff is entitled to such relief.**

46.    Plaintiff seeks such other relief as this Honorable Court deems just and proper.

**ANSWER: LVNV denies that Plaintiff is entitled to such relief.**

Wherefore, Plaintiff prays for judgment against Defendant in the amount of $1,000.00 plus attorneys fees pursuant to 15 USC 1692, the FDCPA or other amount determined by this Honorable Court.

**ANSWER: LVNV denies that Plaintiff is entitled to such relief.**

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff prays the following relief against Defendant:

a)    An award of statutory damages of $1,000.00 pursuant 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

b)    An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

c)     An injunction requiring the Defendant to cease all illegal collection conduct; and

d)     Such further and other relief as the Court deems just and proper.

**ANSWER: LVNV denies that Pkaintiff is entitled to any such relief.**

## ADDITIONAL AND AFFIRMATIVE DEFENSES

LVNV alleges the following affirmative and other defenses, as authorized by the Federal Rules of Civil Procedure:

1.     LVNV asserts the defense of setoff. Plaintiff is indebted to LVNV on a SoFi Lending personal loan. LVNV is the present owner of that debt, and the balance that plaintiff owes to it is in excess of $61,000. Any award to Plaintiff should be set off against the debt owed to LVNV. Where two opposing claims arise out of separate transactions between the same parties, "setoff" is the equitable right of one party to offset her debt by the amount of its claim against the other party. "The right of setoff (also called offset) allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995), quoting *Studley v. Boylston Nat'l Bank*, 229 U.S. 523, 528 (1913).

2.     LVNV asserts that equitable relief is not available in an FDCPA case. *Weiss v. Regal Collections.*, 385 F2d 337 (3d Cir. 2004); *Sibley v. Fulton DeKalb Collection Serv.*, 677 F2d 830, 834 (11th Cir. 1982); *Crawford v. Equifax Payment Servs., Inc.*, 201 F3d 877, 882 (7th Cir. 2000); *Kafele v. Lerner Sampson & Rothfuss, LPA*, 2003 US App. LEXIS 6490 (6th Cir. 2003).

3.    LVNV denies that Plaintiff is entitled to, or should, recover statutory damages in any amount for any claim. *See, e.g., Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 176 L.Ed.2d 519 (2010).

4.    LVNV asserts that an award of statutory damages in the absence of actual damages would be a denial of its right to due process under the Constitution of the United States of America. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996).

## ATTORNEY'S FEES

5.    there is no basis in fact or law for seeking injunctive relief in an FDCPA case or to use the FDCPA to eliminate a debt or a trade line with a consumer reporting agency. Plaintiff's attempt to use the FDCPA in such a manner is evidence that this case has been brought for an improper purpose and in bad faith and for the purpose of harassment. Pursuant to 15 U.S.C. § 1692k(a)(3) LVNV is entitled to recover its reasonable attorney's fees and costs in this case.

**WHEREFORE, PREMISES CONSIDERED,** Defendant LVNV Funding, LLC prays that Plaintiff take nothing in this case. LVNV further prays for its fees and costs together with all such other and further relief, at law or in equity, as to which it may be justly entitled.

Respectfully submitted,

**/s/** Manuel H. Newburger
Manuel H. Newburger
Texas Bar No. 14946500

**Attorney for Defendant**
Barron & Newburger, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
(512) 659-4022 (Direct)
(512) 279-0310 (Fax)
mnewburger@bn-lawyers.com

## CERTIFICATE OF SERVICE

I certify that on the 15th day of July, 2024, a true copy of the foregoing Answer was served on Plaintiff's attorney through the Court's ECF System.


/s/ Manuel H. Newburger
Manuel H. Newburger

**SERVICE LIST:**

Robert Newark, Esq.
Texas Bar No. 24040097
1341 W. Mockingbird Ln,
Ste 600 W
Dallas, TX 75241
robert@newarkfirm.com
T: 440-529-9144
Attorney for Plaintiff